1  PATRICIA L. GLASER - State Bar No. 55668
   pglaser@glaserweil.com
2  FRED D. HEATHER - State Bar No. 110650
   fheather@glaserweil.com
3  AARON P. ALLAN - State Bar No. 144406
   aallan@glaserweil.com
4  GLASER WEIL FINK HOWARD
        AVCHEN & SHAPIRO LLP
5  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
6  Telephone:  (310) 553-3000
   Facsimile:   (310) 556-2920
7
   Attorneys for Plaintiff
8  LegalZoom.com, Inc.

**E-filing**

**Filed**

JAN 0 5 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

9              UNITED STATES DISTRICT COURT          **NC**

10            NORTHERN DISTRICT OF CALIFORNIA

11            **CV 15   80003 MISC.**

12  LEGALZOOM.COM, INC.,              CASE NO. _____

13              Plaintiff,

14  v.                                **PLAINTIFF, LEGALZOOM.COM,
                                      INC.'S MOTION TO COMPEL
15  ROCKET LAWYER INC.,               COMPLIANCE WITH SUBPOENA
                                      TO GOOGLE, INC.;
16              Defendants.           DECLARATION OF AARON P.
                                      ALLAN IN SUPPORT**
17
                                      Hearing Date: _____
18                                    Time:
                                      Courtroom:
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

Page

I.    INTRODUCTION AND FACTUAL BACKGROUND ................................1

    A.    The Underlying Lawsuit...............................................................1

    B.    Google Holds Relevant Documents ............................................1

    C.    The Court Order Authorizing this Discovery .........................2

    D.    The Subpoena to Google ..............................................................2

    E.    Efforts to Meet and Confer..........................................................2

    F.    Google Ties to Rocket Lawyer Make It Less Than a Third Party ........5

    G.    Relief Sought by this Motion ......................................................6

II.   STATEMENT OF THE ISSUES ......................................................6

III.  CONCLUSION..............................................................................13

GlaserWeil

i

982943

## TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*Gonzalez v. Google, Inc.,*
    234 F.R.D. 674 (N.D. Cal. 2006)..................................................................7

*Silicon Knights, Inc. v. Epic Games, Inc.,*
    917 F. Supp. 2d 503 (E.D.N.C. 2012), *aff'd* 551 Fed. Appx. 646, 2014 WL
    30865.............................................................................................................8

**FEDERAL STATUTES**

Fed. R. Civ. P. 26 ...............................................................................................7
Fed. R. Civ. P. 26(b)(1) .....................................................................................7
Fed. R. Civ. P. 26(b)(2) ..................................................................................6, 8
Fed. R. Civ. P. 26(b)(2)(B) ................................................................................9
Fed. R. Civ. P. 26(b)(2)(C) ................................................................................9
Fed. R. Civ. P. 34 ...............................................................................................7
Fed. R. Civ. P. 37-2 .......................................................................................4, 6

Glaser Weil

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

982943

## I.   INTRODUCTION AND FACTUAL BACKGROUND

The following facts are supported by the attached Declaration of Aaron P. Allan and accompanying exhibits attached hereto.

### A.   The Underlying Lawsuit

Plaintiff LegalZoom.com, Inc. ("LegalZoom") is an online provider of legal solutions that sued a competitor, Rocket Lawyer Incorporated ("Rocket Lawyer"), for engaging in false advertising practices in violation of the Lanham Act and California unfair competition laws.  A central issue in the litigation is whether Rocket Lawyer acted with an intent to deceive consumers by using the term "free" in its online advertisements when in fact the advertised product or service required some form of payment or credit card information, as well as signing up for a trial. The case, which is pending in the United States District Court for the Central District of California, had been scheduled for trial on December 9, 2014, but the trial was delayed to April 21, 2015, to enable the parties to engage in limited additional discovery.  Declaration of Aaron Allan ("Allan Decl."), ¶2.

### B.   Google Holds Relevant Documents

Based on documentation that was produced late in the case by Rocket Lawyer, LegalZoom learned that Google Inc. ("Google") had been communicating with Rocket Lawyer about the "free" Rocket Lawyer advertisements, and that Google had complained to Rocket Lawyer that its "free" advertisements were in violation of certain Google online advertising policies because of the deceptive nature of the advertisements.  These communications are extremely relevant to the claim being pursued by LegalZoom against Rocket Lawyer because they may provide supporting evidence that Rocket Lawyer was acting with knowledge that its advertisements had a potential to deceive consumers, and that Rocket Lawyer's decision to continue to run its advertisements in the face of such communications by Google demonstrated an intent to deceive.  One of the Google employees involved in these communications is identified in an email as "Katherine K," but existing documents provide no other

1

982943

1   identifying information for that employee. *Id.* at ¶3.

2   **C.   The Court Order Authorizing this Discovery**

3   On November 10, 2014, United States District Judge Gary A. Feess issued an

4   order allowing for LegalZoom to take additional discovery, and specifically

5   authorized LegalZoom to pursue depositions of third parties Google and "Katherine

6   K" (Google) relating to Google's inquiry into Rocket Lawyer's free advertisements.

7   The order also authorized a document subpoena to Google relating to Google's

8   inquiry into Rocket Lawyer's free advertisements.  The order provided two months to

9   complete the discovery, requiring the discovery to be completed by January 16, 2015.

10  Attached hereto as Exhibit A to the Allan Decl., ¶4, is a true and correct copy of the

11  November 10, 2014 Order issued by the Honorable Gary Feess.

12  **D.   The Subpoena to Google**

13  On November 14, 2014, LegalZoom served Google with a subpoena seeking

14  four categories of documents in Google's possession which all relate to Google's

15  inquiry to Rocket Lawyer concerning Rocket Lawyer's "free" advertisements.  The

16  subpoena requested a production by December 1, 2014.  Attached hereto as Exhibit B

17  to the Allan Decl., ¶5, is a true and correct copy of the Subpoena and attachment

18  served on Google.  On November 26, 2014, Google served Responses and Objections

19  to LegalZoom's subpoena, largely complaining about the burden of compliance.

20  Attached hereto as Exhibit C to the Allan Decl., ¶6, is a true and correct copy of

21  Google's Responses and Objections to LegalZoom's subpoena dated November 26,

22  2014.

23  **E.   Efforts to Meet and Confer**

24  During subsequent attempts to meet and confer about the subpoena,

25  LegalZoom made several offers to narrow the time, scope and manner of the

26  production, and also offered to explore ways to reduce any burden on Google in

27  complying with the subpoena.  In response, Google took unreasonable positions and

28  stonewalled compliance.

2

982943

Glaser Weil

Shortly after receiving Google's Responses and Objections, LegalZoom's counsel initiated telephone conferences with Google's counsel and exchanged emails regarding the subpoena. Based on these conferences, as confirmed in an email dated December 3, 2014:

- LegalZoom provided a copy of the court order authorizing the discovery, as well as the protective order for the underlying case.
- LegalZoom offered to limit the scope of the subpoena to January 1, 2010, through December 31, 2013, in response to Google's objection that the "specified relevant period of almost seven years renders the Request particularly overbroad and oppressive."
- LegalZoom offered to rely upon a declaration of a custodian of records, without the need for live testimony, to authenticate any records produced.
- LegalZoom offered to extend by over two weeks the time to comply with the subpoena to December 17, 2014.
- LegalZoom stated its willingness to provide information and to work with Google to address any financial or other burden associated with compliance.

Attached hereto as Exhibit D to the Allan Decl., ¶8, is a true and correct copy of the email sent by counsel for LegalZoom, Aaron Allan, to counsel for Google, Jacob Veltman on December 3, 2014.

Google's response to these meet and confer efforts was to stonewall. During a meet and confer telephone call on December 5, 2014, Google's counsel stated that he had nothing new to report and was unable to confirm whether Google would comply with the subpoena. *Id.* at ¶9.

On December 9, 2014, LegalZoom sent a letter reiterating the prior attempts to compromise on the subpoena and to address Google's burden arguments, explaining the need to expedite the production in light of the court's January deadline for completing discovery, and insisting upon a response from Google which either (a) confirmed that Google intended to comply under some set of parameters or (b) that

3

982943

LegalZoom would have to pursue a motion. Attached hereto as Exhibit E to the Allan Decl., ¶10, is a true and correct copy of the meet and confer letter sent by counsel for LegalZoom to counsel for Google dated December 9, 2014.

In a letter dated December 11, 2014, Google's counsel reiterated a prior objection that LegalZoom's subpoena seeks documents that (according to Google) should already be in the possession of Rocket Lawyer, and that therefore should be exclusively sought from Rocket Lawyer. Google's counsel refused to confirm whether and when it might comply with the subpoena, instead suggesting that Google might respond to the subpoena within some reasonable time frame, but that production by the 17th of December might not be practicable. Attached hereto as Exhibit F to the Alan Decl., ¶11, is a true and correct copy of a letter sent on December 11, 2014 by counsel for Google to counsel for LegalZoom.

In email correspondence between counsel for Google and counsel for LegalZoom dated December 11, 2014, Google refused to agree to any deadline for deciding whether it would comply. Thereafter, counsel for LegalZoom sent an email articulating that should a resolution not be reached, LegalZoom would have no choice but to put Google's conduct before the Court. Attached hereto as Exhibit G to the Allan Decl., ¶12, is a true and correct copy of an email chain sent by counsel for LegalZoom to counsel for Google on December 11, 2014. LegalZoom therefore has no alternative but to seek judicial intervention to compel Google's compliance with LegalZoom's subpoena. Accordingly, LegalZoom's counsel wrote a letter on December 11, 2014, which identified all of the outstanding discovery issues and LegalZoom's analysis for why compliance should be required pursuant to United States District Court Local Rule 37-2. Attached hereto as Exhibit H to the Allan Decl., ¶13, is a true and correct copy of a letter sent by counsel for LegalZoom to counsel for Google on December 11, 2014.

On December 18, 2014, counsel for LegalZoom and Google had a final telephonic meet and confer discussion in an effort to avoid the need for Court

4

982943

intervention.  During that telephone call, Google's counsel refused to produce any of the subject communications with Rocket Lawyer, taking the position (without citation to any legal authority) that those documents should already be in Rocket Lawyer's possession.  When LegalZoom's counsel attempted to discuss the issue of burden associated with producing those documents, Google's counsel refused to engage on that subject, stating that "this is not a deposition."  Instead, Google's counsel made a "take it or leave it" offer:  Google would produce documents related to a study performed by its affiliate Google Ventures, which is the subject of one of the four subpoena requests, but no other documents; and Google would also provide the last known contact information for "Katherine K," but reserved the right to object to any deposition of Katherine K.  LegalZoom declined Google's ultimatum, and indicated that it would pursue relief in court. *Id.* at ¶14.  Accordingly, on December 18, 2014, Aaron Allan, counsel for LegalZoom, wrote an email to counsel for Google, Jacob Veltman, which summarized the telephonic conference held that same day.  Attached hereto as Exhibit I to the Allan Decl., ¶15, is a true and correct copy of the December 18, 2014 email from Aaron Allan to Jacob Veltman.

**F.**      **Google's Ties to Rocket Lawyer Make it Less Than a Third Party**

During the course of deposition discovery in the underlying case, LegalZoom learned that David C. Drummond, the Senior Vice President, Corporate Development and Chief Legal Officer of Google, is also on the Board of Directors for Rocket Lawyer.  In addition, LegalZoom has learned that Mr. Drummond was previously a partner in the same law firm that is representing Google with respect to the subpoena. Lastly, Google Ventures, Google's investment group, is a significant investor in Rocket Lawyer. These facts call into question whether Google is really acting as a neutral third party with respect to its efforts to frustrate this limited discovery. Attached hereto as Exhibit J to the Allan Decl., ¶16 is a true and correct printout of a list of Board of Directors of Rocket Lawyer printed on December 30, 2014 and an August 11, 2011 Forbes Article regarding Google's investment in Rocket Lawyer.

5

### G.     Relief Sought by this Motion

By this motion, LegalZoom seeks an order from this Court compelling Google to comply with the subpoena and to produce documents and communications with defendant Rocket Lawyer regarding Rocket Lawyer's free advertisements and the last known contact information of "Katherine K," a former Google employee.  The information sought by the subpoena is both narrow and extremely material to the underlying case.  Moreover, LegalZoom cannot obtain the information from a different source, and this production should not create an undue burden on Google.

## II.     STATEMENT OF THE ISSUES

Pursuant to Local Rule 37-2, LegalZoom sets forth each of the four discovery requests at issue in full, followed by Google's responses.  In addition, LegalZoom sets forth the basis for LegalZoom's contention that discovery should be compelled and that the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied.

## REQUEST TO PRODUCE DOCUMENTS NO. 1:

Any and all DOCUMENTS RELATING TO ROCKET LAWYER FREE ADVERTISEMENTS[1] between January 1, 2008 and present.

## RESPONSE TO REQUEST NO. 1:

Google objects to this Request on the grounds that it seeks irrelevant information and is overbroad and unduly burdensome, especially given that Google is a non-party.  The demand for "any and all" documents relating to Rocket Lawyer Free Advertisements is particularly burdensome, as it may encompass a substantial amount of information, most of which is cumulative and/or irrelevant to the claims

---

[1] Within the subpoena, "ROCKET LAWYER FREE ADVERTISEMENTS" was defined to mean and refer to any marketing, advertising and/or promotion of ROCKET LAWYER and/or ROCKET LAWYER PRODUCTS AND SERVICES, in which the term "free" appears in the marketing, advertisement and promotion and/or in which the term "free" is used as a keyword or other search term to trigger the marketing, advertisement and/or promotion of ROCKET LAWYER and/or ROCKET LAWYER PRODUCTS AND SERVICES.

6

982943

1   and defenses asserted in this lawsuit.  The specified relevant period of almost seven

2   years renders the request particularly overbroad and oppressive, given that the claims

3   and defenses asserted in this lawsuit relate to events beginning in late 2011.

4         Google further objects to this Request on the grounds that many of the

5   documents encompassed by the Request, such as communications between Google

6   and Rocket Lawyer, are necessarily in the possession, custody or control of Rocket

7   Lawyer.  As a nonparty, Google should not be subjected to the burden and expense of

8   searching for and producing these documents until LegalZoom has exhausted

9   reasonable means of obtaining them directly from Rocket Lawyer.

10        Subject to the foregoing objections, Google responds to this Requests as

11   follows:

12        Google will not produce documents in response to this Request due to the

13   issues identified above.  It is, however, open to a meet and confer process with

14   LegalZoom to discuss whether this Request can be appropriately revised, clarified and

15   narrowed.

16                          **Why Discovery Should Be Compelled**

17        1.     The Federal Rules of Civil Procedure governing discovery also govern

18   subpoenaed material.  *See* Fed. R. Civ. Proc. 26, 34; *Gonzalez v. Google, Inc.*, 234

19   F.R.D. 674, 679 (N.D. Cal. 2006).  Rule 26(b)(1) provides for "discovery regarding

20   any non-privileged matter that is relevant to any party's claim or defense."  Fed. R.

21   Civ. Proc. 26(b)(1).  This includes "the existence, description, nature, custody,

22   condition, and location of any documents or other tangible things and the identity and

23   location of persons who know of any discoverable matter."  *Id.*  In addition, "[f]or

24   good cause, the court may order discovery of any matter relevant to the subject matter

25   involved in the action."  *Id.*  Relevance is defined broadly for discovery purposes,

26   with minor limitations.  *Gonzalez v. Google, Inc.*, 234 F.R.D. at 679-680.

27        2.     Here, the documents being sought (documents relating to Rocket

28   Lawyer's free advertisements) are directly relevant to a central issue in the underlying

GlaserWeil

7

982943

false advertising lawsuit.  To the extent that Google identified deceptive aspects of the subject advertisements as a basis for finding that Rocket Lawyer was in violation of its policies, the manner and means for such an identification could be used as evidence at trial to show that the advertisements had a tendency to deceive consumers.  To the extent that Google complained to Rocket Lawyer about the deceptive nature of the advertisements, and to the extent that Rocket Lawyer ignored those complaints and continued to run the advertisements, that could be used as evidence at trial to show that Google was acting with an intent to deceive consumers.

3.      Google has not acted in good faith in resisting a production of the subject documents.  Google has rejected, and not even attempted to negotiate, LegalZoom's offers to reduce and/or alleviate the burden associated with compliance.  LegalZoom offered to narrow the date range for documents; provided Rocket Lawyer email addresses to assist Google in searches; agreed to accept a custodian declaration in lieu of testimony; extended the time for compliance, and offered to extend it again as long as it was for a date certain; offered to "work with" Google to alleviate any burden associated with finding and producing documents; and indicated an openness to consider any other proposals to reach an agreement.  In response, Google refused to make any commitment to produce, and ultimately refused to produce altogether.  "Vague, open-ended responses to some discovery requests, which merely stated an intention to make some production at an unspecified date of party's own choosing, was not a complete answer as required by rule and, therefore, would be treated as a failure to answer or respond."  *See Silicon Knights, Inc. v. Epic Games, Inc.*, E.D.N.C. 2012, 917 F. Supp. 2d 503, *affirmed* 551 Fed. Appx. 646, 2014 WL 30865.  Under the deadline set by the underlying court, and without any commitment to produce by Google, LegalZoom was left with no choice but to seek a court order.

4.      Rule 26(b)(2) requires the Court to consider whether the discovery at issue is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.  Certainly

8

982943

1  Google's *internal* documents relating to Rocket Lawyer's free advertisements cannot

2  be obtained from any other source. Rule 26(b)(2) also requires a consideration of

3  whether the burden or expense of the discovery outweighs its likely benefit in light of

4  the needs of the case, the importance of the issues, and the resources of the parties.

5  Here, the subject documentation is directly on point in connection with the central

6  most important issues in the case – whether Rocket Lawyer's free advertisements

7  were deceptive and whether Rocket Lawyer acted with knowledge and an intent to

8  deceive consumers. Moreover, when LegalZoom made inquiry to Google's counsel

9  about the burden associated with producing documents and electronically stored

10 information, Google's counsel refused to answer those questions and refused to

11 discuss that topic as part of a negotiation to produce. Google should therefore be

12 precluded from now making that showing pursuant to Rule 26(b)(2)(B) or Rule

13 26(b)(2)(C). The documentation being sought should be relatively narrow, and

14 Google has made no showing as to why it may not be easily located and produced.

15 **REQUEST TO PRODUCE DOCUMENTS NO. 2:**

16      Any and all COMMUNICATIONS between YOU and ROCKET LAWYER

17 RELATING TO ROCKET LAWYER FREE ADVERTISEMENTS between January

18 1, 2008 and present.

19 **RESPONSE TO REQUEST NO. 2:**

20      Google objects to this Request on the grounds that it seeks irrelevant

21 information and is overbroad and unduly burdensome, especially given that Google is

22 a non-party. The demand for "any and all" documents relating to Rocket Lawyer

23 Free Advertisements is particularly burdensome, as it may encompass a substantial

24 amount of information, most of which is cumulative and/or irrelevant to the claims

25 and defenses asserted in this lawsuit. The specified relevant period of almost seven

26 years renders the request particularly overbroad and oppressive, given that the claims

27 and defenses asserted in this lawsuit relate to events beginning in late 2011.

28      Google further objects to this Request on the grounds that many of the

GlaserWeil

9

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

982943

1  documents encompassed by the Request, such as communications between Google
2  and Rocket Lawyer, are necessarily in the possession, custody or control of Rocket
3  Lawyer.  As a nonparty, Google should not be subjected to the burden and expense of
4  searching for and producing these documents until LegalZoom has exhausted
5  reasonable means of obtaining them directly from Rocket Lawyer.
6      Subject to the foregoing objections, Google responds to this Requests as
7  follows:
8      Google will not produce documents in response to this Request due to the
9  issues identified above.  It is, however, open to a meet and confer process with
10  LegalZoom to discuss whether this Request can be appropriately revised, clarified and
11  narrowed.
12  **Why Discovery Should Be Compelled**
13      All of the same arguments stated above with respect to Request No. 1 apply
14  equally here to Request No. 2.  In addition, Google's argument is without merit that it
15  should be absolved from producing communications with Rocket Lawyer because
16  those same documents should have been produced by Rocket Lawyer in the
17  underlying case.  LegalZoom has asked Rocket Lawyer for these same
18  communications, but has no assurance that Rocket Lawyer has produced all of the
19  communications.  For this reason, LegalZoom should be entitled to review documents
20  in Google's possession as a cross-check against any production previously made by
21  Rocket Lawyer.  The subject matter of the documents being sought (communications
22  between Google and Rocket Lawyer relating to Rocket Lawyer free advertisements)
23  is relatively narrow, and should not involve an extensive collection of materials.
24  **REQUEST TO PRODUCE DOCUMENTS NO. 3:**
25      Any and all DOCUMENTS RELATING TO studies managed or performed by
26  Google Ventures for ROCKET LAWYER, to the extent those studies examine or
27  concern ROCKET LAWYER FREE ADVERTISEMENTS.
28  **RESPONSE TO REQUEST NO. 3:**

GlaserWeil

10

1    Google objects to this Request on the grounds that it seeks irrelevant
2  information and is overbroad and unduly burdensome, especially given that Google is
3  a non-party. The demand for "any and all" documents relating to Rocket Lawyer
4  Free Advertisements is particularly burdensome, as it may encompass a substantial
5  amount of information, most of which is cumulative and/or irrelevant to the claims
6  and defenses asserted in this lawsuit. The specified relevant period of almost seven
7  years renders the request particularly overbroad and oppressive, given that the claims
8  and defenses asserted in this lawsuit relate to events beginning in late 2011.

9    Google further objects to this Request on the grounds that many of the
10 documents encompassed by the Request, such as communications between Google
11 and Rocket Lawyer, are necessarily in the possession, custody or control of Rocket
12 Lawyer. As a nonparty, Google should not be subjected to the burden and expense of
13 searching for and producing these documents until LegalZoom has exhausted
14 reasonable means of obtaining them directly from Rocket Lawyer.

15    Subject to the foregoing objections, Google responds to this Requests as
16 follows:

17    Google will not produce documents in response to this Request due to the
18 issues identified above. It is, however, open to a meet and confer process with
19 LegalZoom to discuss whether this Request can be appropriately revised, clarified and
20 narrowed.

21            **<u>Why Discovery Should Be Compelled</u>**

22    All of the same arguments stated above with respect to Request No. 1 apply
23 equally here to Request No. 3. In addition, Google expressed a willingness to
24 produce the documents responsive to this category, but only as part of an ultimatum
25 offer that would unreasonably require LegalZoom to withdraw other requests. It
26 appears, therefore, that Google has located these documents and could produce them,
27 and Google has not communicated any burden associated with doing so.

28 ///

11

982943

**REQUEST TO PRODUCE DOCUMENTS NO. 4:**

Any and all DOCUMENTS sufficient to show the complete name, address, and telephone number for Katherine K. whose email address is Katherine.k@google.com.

**RESPONSE TO REQUEST NO. 4:**

Google objects to this Request on the grounds it seeks irrelevant information. It is not clear to Google why the identity of the person using the email address Katherine.k@google.com bears on the claims and defenses asserted in this litigation.

Google will not produce documents in response to this Request due to the issues identified above. It is, however, open to a meet and confer process with LegalZoom to discuss whether this Request can be appropriately revised, clarified and narrowed.

### Why Discovery Should Be Compelled

All of the same arguments stated above with respect to Request No. 1 apply equally here to Request No. 4. In addition, the nature of this request is extremely limited. LegalZoom simply wants contact information for a Google employee who authored a key communication with Rocket Layer about the free advertisements, so that LegalZoom may take that employee's deposition.

Katherine K. was a Google employee who communicated to Rocket Lawyer that some of the Rocket Lawyer advertisements at issue in this lawsuit violated Google's Offer Not Found Policy. The nature and extent of those communications are relevant, and may be significant, in putting Rocket Lawyer on notice that its advertisements were potentially deceptive to consumers. Katherine K's knowledge, understanding, and actions taken with regards to Rocket Lawyer's violation of Google's Offer Not Found Policy are not within the possession of Rocket Lawyer, and are matters that LegalZoom should be entitled to appropriately inquire about from her at a deposition once her identity has been produced. Google has identified no basis for withholding that information.

///

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

982943

**Glaser Weil**

1 | III.   **CONCLUSION**

2 |    The requested documents are material to LegalZoom's case against Rocket

3 | Lawyer, Google has made no showing of an undue burden in producing them.  In fact,

4 | Google has rejected every effort made by LegalZoom in an attempt to narrow the

5 | scope of the subpoena requests in order to lessen the burden on Google.  For the

6 | reasons stated above, LegalZoom respectfully requests that the Court grant its motion

7 | to compel a production of records by Google.

8 |

9 | DATED:  January 5, 2015      GLASER WEIL FINK HOWARD
                AVCHEN & SHAPIRO LLP

10 |

11 |            By: _____

12 |              PATRICIA L. GLASER

13 |              FRED D. HEATHER

14 |              AARON P. ALLAN
             Attorneys for Plaintiff
             LegalZoom.com, Inc.

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

982943

Court Name: U.S. District Court, NDCA
Division: 5
Receipt Number: 34611815298
Cashier ID: waltonb
Transaction Date: 01/05/2015
Payer Name: SAN FRANCISCO LEGAL SUPPORT,

MISCELLANEOUS PAPERS
For: Legalzoom.Com., Inc
Case/Party: D-CAN-5-15-MC-800003-001
Amount: $46.00

PAPER CHECK CONVERSION
Check/Money Order Num: 162785
Amt Tendered: $46.00

Total Due: $46.00
Total Tendered: $46.00
Change Amt: $0.00

Misc Case

MC

Checks and drafts are accepted
subject to collections and full
credit will only be given when the
check or draft has been accepted by
the financial institution on which
it was drawn.