# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LEGALZOOM.COM,<br><br>          Plaintiff,<br><br>    v.<br><br>ROCKET LAWYER INC.,<br><br>          Defendant. | Case No. 15-mc-80003 NC<br><br>CDCA Case No. 12-cv-00942 GAF<br><br>**ORDER DENYING LEGALZOOM.COM'S MOTION TO COMPEL AGAINST NON-PARTY GOOGLE, INC.**<br><br>Re: Dkt. No. 1 |

In this false advertising and unfair business practices case, plaintiff LegalZoom moves to compel the production of documents subpoenaed from non-party Google. LegalZoom contends that because there were "significant gaps" in the production of documents it received from defendant Rocket Lawyer, it needs Google to fill those gaps. Under Federal Rule of Civil Procedure 45, when a party demands documents from a non-party, it must take "reasonable steps" to avoid imposing an undue burden or expense on the third party. This Court finds that LegalZoom did not take "reasonable steps" to confine its requests to Google, so the motion to compel is denied.

## BACKGROUND

This discovery motion arises from a dispute in the U.S. District Court for the Central District of California between competitors LegalZoom and Rocket Lawyer. According to

LegalZoom, it is an online provider of "legal solutions." Dkt. No. 1 at 4. LegalZoom asserts that Rocket Lawyer engaged in false advertising and unfair business practices when it used the term "free" in advertising for its services.

LegalZoom asserts that it learned from documents produced by Rocket Lawyer that Google had communications with Rocket Lawyer about the free advertisements. In the underlying case, on November 10, 2014, District Court Judge Gary A. Feess ordered that LegalZoom would be allowed additional time to conduct discovery, including from Google relating to Google's inquiry into Rocket Lawyer's free advertisements. Dkt. No. 1, Ex. A. On November 14, 2014, LegalZoom served Google with a subpoena seeking four categories of documents: (1) Any and all documents relating to Rocket Lawyer free advertisements; (2) Any and all communications between Google and Rocket Lawyer relating to Rocket Lawyer free advertisements; (3) Any and all documents relating to studies managed or performed by Google Ventures for Rocket Lawyer, to the extent those studies examine or concern Rocket Lawyer free advertisements; and (4) Any and all documents sufficient to identify contact information for a specified Google employee.

As to the first three categories, Google objected that the requests were overly broad and unduly burdensome and should be demanded from Rocket Lawyer in the first instance. When served by LegalZoom, the subpoenas sought documents for the time period January 1, 2008, to present. After Google objected to the scope of the subpoenas, LegalZoom agreed to modify the requests to the four-year period of January 1, 2010, through December 31, 2013. Dkt. No. 1 at 6. As to the fourth category, Google provided information to LegalZoom and the parties resolved their dispute before the hearing.

After a meet and confer process, full briefing, and a tentative ruling did not resolve the motion to compel, this Court held a hearing on February 25, 2015. Dkt. No. 9.

## LEGAL STANDARD

Federal Rules of Civil Procedure 26 and 45 govern discovery from non-parties. Rule 26 allows a party to obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Information is relevant when it will

be admissible at trial or when the evidence is "reasonably calculated to lead to the discovery of admissible evidence." *Id.* The Rule 26 relevancy standard also applies to subpoenas to non-parties. *Beinin v. Ctr. for Study of Popular Culture*, No. 06-cv-02298 JW (RS), 2007 WL 832962, at *2 (N.D. Cal. Mar. 16, 2007). Rule 45, in turn, provides that a party may command a non-party to testify at a deposition and "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii).

Even if a subpoena to a non-party seeks relevant information, the Court must limit discovery if "the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 45(d)(1); Fed. R. Civ. P. 26(b)(2)(C)(i); *see Nalco Co. v. Turner Designs, Inc.,* No. 13-cv-02727 NC, 2014 WL 1311571, at *1 (N.D. Cal. Mar. 31, 2014) (denying motion to compel because subpoenaing party failed to take reasonable steps to avoid imposing undue burden); *In re NCAA Student-Athlete Name & Likeness Licensing Litig.,* No. 09-cv-01967 CW (NC), 2012 WL 629225, at *1 (N.D. Cal. Feb. 27, 2012) ("[B]ecause antitrust plaintiffs did not make reasonable attempts to avoid imposing an undue burden on the nonparties, sanctions against antitrust plaintiffs are warranted under Rule 45.")*; Convolve, Inc. v. Dell, Inc.,* No. 10-cv-80071 WHA, 2011 WL 1766486, at *2 (N.D. Cal. May 9, 2011) (quashing subpoena and noting exhaustive definitions to words such as "documents" and "identify" serve to further broaden the subpoena scope unnecessarily). A party or lawyer responsible for issuing a subpoena therefore must take "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). In turn, the court "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii).

## DISCUSSION

For each of the three categories of information requested, LegalZoom has not met its burden of establishing that it took "reasonable steps" to avoid imposing an undue burden on non-party Google. Fed. R. Civ. P. 45(d)(1).

LegalZoom asserts that it needs documents from Google because it believes there were "significant gaps" and "irregularities" in the production of documents from the defendant, Rocket Lawyer. Dkt. No. 6 at 3. Yet to fill these gaps, LegalZoom demands for a four-year period "any and all documents" relating to Rocket Lawyer free advertisements, "any and all communications" between Google and Rocket Lawyer relating to Rocket Lawyer free advertisements, and "any and all documents" relating to studies managed or performed by a Google entity, Google Ventures, concerning Rocket Lawyer free advertisements. Despite extensive conferring and briefing, LegalZoom has not specified the parameters of the "gaps" that Google needs to fill. What documents did Rocket Lawyer provide? Is there a basis to assert that for specific persons, in specific time periods, Rocket Lawyer did not produce its communications with Google about the free advertisements? Google, and the Court, are left to guess. "There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant." *Nidec Corp. v. Victor Co. of Japan*, No. 05-cv-0686 SBA (EMC), 249 F.R.D. 575, 577 (N.D. Cal. 2007) (quashing subpoena to non-party where same documents possessed by party).

LegalZoom next contends that it "should be entitled to review documents in Google's possession as a cross-check against any production previously made by Rocket Lawyer." Dkt. No. 1 at 13. There is no such entitlement in the Federal Rules of Civil Procedure. To the contrary, the Rules require the requesting party to take "reasonable steps" to minimize burden. Here, that would include assuring that Google was not reproducing significant materials already produced by the party defendant. LegalZoom did not show that it took these reasonable steps.

Finally, LegalZoom asserts that Google's alleged ties to Rocket Lawyer make it "less than a third party" to the underlying dispute. Dkt. No. 1 at 8. Specifically, LegalZoom

states that Google is a "significant investor" in Rocket Lawyer, that Google's Chief Legal Officer is on the Board of Directors of Rocket Lawyer, and that the same Officer was formerly a partner in the law firm representing Google. *Id.* Yet LegalZoom cites no authority for the proposition that Rules 45 and 26 only protect a non-party like Google if it is a neutral to the underlying case. In sum, the Court determines that LegalZoom's obligation to be reasonable is not excused by its allegations of connections between Google and Rocket Lawyer.

## CONCLUSION

For the reasons described, the Court denies LegalZoom's motion to compel.

Under Rule 45(d)(1), the Court must impose an appropriate sanction on a party or attorney responsible for issuing a subpoena that violates Rule 45. If Google seeks such a sanction, it must move within 14 days of this order.

Any party may object to this order, but must do so within 14 days. Fed. R. Civ. P. 72(a). Any objection must be directed to District Court Judge Lucy H. Koh, as she was the general duty judge in this Division on the day the motion to compel was filed.

IT IS SO ORDERED.

Date:  March 23, 2015

_____
Nathanael M. Cousins
United States Magistrate Judge