PATRICIA L. GLASER - State Bar No. 55668
pglaser@glaserweil.com
FRED D. HEATHER - State Bar No. 110650
fheather@glaserweil.com
AARON P. ALLAN - State Bar No. 144406
aallan@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

Attorneys for Plaintiff
LegalZoom.com, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALZOOM.COM, INC., | **CASE NO: 5:15-mc-80003-NC** |
| Plaintiff, | **PLAINTIFF, LEGALZOOM.COM, INC.'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |
| v. | |
| ROCKET LAWYER INC., | |
| Defendants. | Before:  Hon. Lucy H. Koh |

## I.     INTRODUCTION

LegalZoom.com, Inc. ("LegalZoom") has sued one of its competitors, Rocket Lawyer, for false advertising and unfair competition in connection with Rocket Lawyer's use of the term "free" in its internet and search engine advertising.  That action is pending in the Central District of California before Magistrate Judge John McDermott, sitting by consent as a result of the recent retirement of Judge Gary Feess (the "CD Action").  This appeal is from a ruling of Magistrate Judge Nathaniel Cousins, denying LegalZoom's motion to compel third-party Google, Inc. to produce documents in response to four categories set forth in a subpoena.  Because the document categories were narrowly drawn, because the requested documents were essential and highly relevant to the CD Action, because LegalZoom took reasonable steps to narrow the scope of the documents being sought and the manner of production, and because Google's counsel refused to engage meaningfully in the meet and confer process (and in fact refused to discuss or attempt to resolve any "burden" associated with producing the requested documents), the motion to compel should have been granted.  LegalZoom respectfully submits that Judge Cousins' order was based on an erroneous application of the governing legal standard and should be set aside.

## II.    BACKGROUND

While Judge Feess was still presiding over the CD Action, there was a dispute brought before him based on Rocket Lawyer's last-minute production of certain highly relevant documents while the parties were in the midst of briefing summary judgment motions.  Included within that production were documents showing that Google had complained to Rocket Lawyer about its advertisements being in violation of certain Google policies. As a result, Judge Feess vacated a summary judgment hearing date and the trial date, and specifically permitted LegalZoom to obtain document discovery from Google as follows: "Document Subpoenas. . . .relating to Google's inquiry into Rocket Lawyer's free advertisements."  See Appendix, Tab 3, at Ex. A.  LegalZoom served a subpoena to Google, requesting four categories of documents based on the language in Judge Feess' order.[1]

---

[1] (1) Any and all DOCUMENTS RELATING TO ROCKET LAWYER FREE ADVERTISEMENTS between January 1, 2008 to the present; (2) Any and all

1

**MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER**

Google refused to produce any documents in response to the subpoena, and Google's counsel frustrated all attempts by LegalZoom to meet and confer to resolve any perceived burden. The meet and confer process spanned fifteen (15) days, including ten (10) separate emails and letters, and at least 3-4 telephone calls.  During that process, LegalZoom made multiple attempts at compromise including to (1) "alleviate any burden associated with locating and producing responsive documents;" (2) limit the time/scope of subpoenas to January 1, 2010 through December 31, 2013; (3) "extend out the. . . .production date;" (4) provide additional information requested by Google "to assist [its] search;" and (5)  consider "other proposals" that are less burdensome. See Appendix, Tab 3 at Ex. D to I (highlighted portions evidencing the reasonable steps taken by LegalZoom to eliminate Google's burden).

Ultimately, in rejecting all of LegalZoom's efforts at compromise, Google continually claimed it would be unfairly burdensome to make it search for and produce any documents.  But when Google's counsel was asked to discuss the issue of burden during a telephone conference on December 18, 2014, he refused to engage on that subject, protesting "this is not a deposition." <u>Id.</u> at Appendix, Tab 3, Ex. I. Instead, he provided LegalZoom with an ultimatum, requiring LegalZoom to withdraw a deposition subpoena served on that counsel's separate client Michael Margolis, who had authored a usability study commissioned by Rocket Lawyer. <u>Id.</u> When LegalZoom refused to accept that ultimatum, negotiations broke down and LegalZoom was forced to pursue this motion to compel.  Even at the hearing on this motion, Google's counsel failed to articulate Google's burden.

Based on the above record, Judge Cousins' ruling that LegalZoom did not meet its burden of establishing that it took "reasonable steps" to avoid imposing an undue burden on non-party Google was clearly erroneous.  LegalZoom respectfully requests that this Court overturn Judge Cousins Order, and make a new Order requiring that Google provide responsive documents.

---

COMMUNICATIONS between YOU and ROCKET LAWYER RELATING TO ROCKET LAWYER FREE ADVERTISEMENTS between January 1, 2008 and present; (3) Any and all DOCUMENTS RELATING TO studies managed or performed by Google Ventures for ROCKET LAWYER, to the extent those studies examine or concern ROCKET LAWYER FREE ADVERTISEMENTS; and ( 4) Any and all DOCUMENTS sufficient to show the complete name, address, and telephone number for Katherine K, whose email address is Katherine.k@google.com. See Appendix, Tab 2, at Ex. A.

**II.    STANDARDS FOR REVIEW**

When a party objects to a magistrate judge's ruling on non-dispositive matters, such as discovery orders, a district court must assess whether a magistrate judge's decision was clearly erroneous or contrary to law based on the facts actually before the magistrate judge. Tafas v. Dudas, 530 F. Supp. 2d. 786, 792 (E.D. Va. 2008). The Rule 26 relevancy standard applies to subpoenas to non-parties. Beinin v. Ctr. For Study of Popular Culture, No. 06-cv-02298 JW (RS), 2007 WL 832962, AT *2 (N.D. Cal. Mar. 16, 2007). Reasonable steps must be taken "to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Even if a subpoena to a non-party seeks relevant information, the Court must limit discovery if "the discovery sought…can be obtained from some source that is more convenient, less burdensome, or less expensive" or if "the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 45(d)(1); Fed. R. Civ. P. 26(b)(2)(C)(i).

**III.   JUDGE COUSINS' RULING WAS A CLEARLY ERRONEOUS APPLICATION OF THE "REASONABLE STEPS" REQUIREMENT**

**1.    The Record Shows That LegalZoom Took Reasonable Steps To Prevent Undue Burden Or Expense**

Judge Cousins states in his Order the rule that a party responsible for issuing a subpoena must take "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). His denial of LegalZoom's Motion to Compel was based solely on an erroneous finding that LegalZoom did not adhere to this requirement. As stated above, LegalZoom took reasonable steps to avoid any burden to Google by offering to: (1) "alleviate any burden associated with locating and producing responsive documents;" (2) limit the time/scope of subpoenas to January 1, 2010 through December 31, 2013; (3) continually "extend out the. . .production date"; (4) provide additional information requested by Google "to assist [its] search;" and (5) consider "other proposals" that are less burdensome. See Appendix, Tab 3, at Ex. D and E. LegalZoom repeatedly narrowed and offered compromise, and offered to "work with" Google to reduce any burden. Id. at Appendix, Tab 3, Ex. E.  LegalZoom also encouraged "further dialogue" in hopes of "a resolution short of court involvement." Id. at Appendix, Tab 3, Ex. G. Despite these

numerous attempts, **Google refused** to (a) identify any burden, or (b) discuss it. Appendix, Tab 3 at Ex. I ("When I asked about the burden associated with producing. . . .materials, you refused to provide. . . .any answer (or to even engage) on that subject. When I attempted to further meet and confer on that subject, you refused to engage."). Google's refusal to identify or discuss its alleged burdens obstructed LegalZoom's ability to take any steps (let alone reasonable steps) to mitigate any burden on Google.

Google, as the party opposing discovery on the basis of undue burden or expense, had the burden to show that such burden or expense was unreasonable compared to the benefits of its production. See N.L.R.B. v. Vista Del Sol Health Services Inc., 40 F. Supp. 3d. 1238, 1265 (C.D. Cal. 2014) (finding "[a] court will not excuse compliance with a subpoena for relevant information simply upon the cry of 'unduly burdensome.'"); see also Manning v. General Motors, 247 F.R.D. 646, 654 (D. Kan. 2007) (defendant failed to adequately support its claim of undue burden by failing to provide evidence showing expenditure of time, effort, or money necessary to produce requested documents). There is nothing in the meet and confer letters from Google that identified the nature of the burden or costs associated with collecting and producing these categories of documents. Google also failed to identify or provide any evidence at the hearing or during the parties' meet and confer, that producing responsive documents would require an undue burden. Judge Cousins erred in not holding Google accountable for its failure to articulate any burden.

### 2. Judge Cousins Erroneously Applied The "Reasonable Steps" Requirement

In finding that LegalZoom did not take reasonable steps to prevent undue burden and expense, Judge Cousins relied solely on the argument that LegalZoom's Motion did not specify the "gaps" that production from Google would fill, so as to avoid burdening Google with a need to produce documents already produced by, or in the possession of, Rocket Lawyer.

There are at least two problems with this aspect of Judge Cousins' ruling: (1) LegalZoom does not know what Google has in its files which is distinct from what Rocket Lawyer already produced, and LegalZoom cannot simply identify *categories* that Rocket Lawyer produced (e.g., correspondence with Google) because that could easily result in Google not producing highly

probative documents that were <u>not</u> produced by Rocket Lawyer; and (2) Judge Cousins' Order would seem to require that LegalZoom first provide Google with copies of all the documents that Rocket Lawyer already produced so that Google could perform its own "cross-check" in order to avoid duplication, but that would INCREASE, rather than decrease, the burden on Google because it would then require Google to compare Rocket Lawyer's documents with its own internal documents. A less burdensome option for Google would be simply to produce all documents specified in LegalZoom's four-category subpoena. If this resulted in a large amount of copy costs (a claim never made by Google, and highly doubtful given the categories at issue), then Google could simply have requested and obtained reimbursement. See e.g. <u>Standard Chlorine of Delaware, Inc. v. Sinibaldi</u>, 821 F. Supp. 232, 263 (D. Del. 1992) (moving party can be ordered to advance costs to a nonparty); <u>U.S. v. Columbia Broadcasting System, Inc.</u>, 666 F.2d 364, 371-72 (9th Cir. 1982) (nonparty entitled to reimbursement for production costs).

  By finding that LegalZoom did not take reasonable steps to prevent undue burden, Judge Cousins' Order actually endorses a more burdensome protocol for third-party discovery upon Google. This is clearly an erroneous application, and ignores both the reasonable steps LegalZoom undertook to mitigate burden and expense during its meet and confer conferences, and the unreasonable responses of Google, which frustrated those efforts.

### IV.  CONCLUSION

  For the reasons stated herein, LegalZoom requests this Court grant this Motion for Relief from the Nondispositive Pretrial Order by Judge Cousins, and that this court grant LegalZoom's Motion to Compel Compliance with its Subpoena Against Google.

DATED: April 6, 2015

       GLASER WEIL FINK HOWARD
       AVCHEN & SHAPIRO LLP

       By: _____
        AARON P. ALLAN
        Attorneys for Plaintiff
        LegalZoom.com, Inc.