DAVID H. KRAMER, State Bar No. 168452
JACOB T. VELTMAN, State Bar No. 247597
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com
Email: jveltman@wsgr.com

Attorneys for Nonparty
Google Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEGALZOOM.COM, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>ROCKET LAWYER INC.,<br><br>    Defendant. | CASE NO.: 5:15-mc-80003-NC<br><br>NONPARTY GOOGLE INC.'S MOTION FOR ATTORNEYS' FEES PURSUANT TO FRCP 45(d)(1)<br><br>Before: Hon. Nathanael M. Cousins |

In accordance with the Court's Order denying LegalZoom.com, Inc.'s Motion to Compel and Rule 45(d)(1), Google Inc. requests reimbursement of its attorneys' fees in light of LegalZoom's failure to avoid the imposition of undue burden.  The accompanying Declaration of David H. Kramer explains that the attorneys' fees reasonably incurred by Google in opposing LegalZoom's motion total $19,253.  Google also requests that it be reimbursed an additional $5,000 for the attorneys' fees incurred in preparing this request.[1]

### I.     LegalZoom Failed to Take Reasonable Steps to Avoid Imposing Undue Burden on Google

As set forth both in Google's Opposition to LegalZoom's Motion to Compel, and in the Court's Order denying that motion, LegalZoom failed in several was to comply with Rule 45's mandate to avoid unduly burdening a nonparty in the discovery process.[2]

- LegalZoom's subpoena to Google demanded Google search for, review and produce documents and prepare a 30(b)(6) witness on the day after Thanksgiving weekend, only seven working days after it served the subpoena. It called upon Google to produce "any and all" documents it had on several overbroad topics.

- LegalZoom demanded that Google produce documents that were presumptively in the possession of Rocket Lawyer Inc., a party to the litigation.  Google asked repeatedly why LegalZoom was seeking these documents from Google rather than Rocket Lawyer, including in its objections to the subpoena, in two meet-and-confer calls, in various written correspondence, in Google's opposition brief to the Motion to Compel, and at the hearing on the motion.  LegalZoom never provided an explanation.  LegalZoom vaguely asserted that there were gaps in Rocket Lawyer's production, but, as the Court recognized, "[d]espite extensive conferring and briefing, LegalZoom has not specified the parameters of the 'gaps' that Google needs to fill."

- LegalZoom failed to reasonably meet-and-confer.  It refused to address Google's concerns and objections and refused to narrow its requests.  When Google submitted a written offer of compromise at LegalZoom's request, LegalZoom ignored it for three weeks, then rejected the offer without any explanation or counter and filed its motion to compel.

- The day before the scheduled hearing, the Court issued a tentative ruling denying LegalZoom's Motion, explaining LegalZoom failed to comply with Rule 45.  Although it

---

[1] On April 6, 2015, LegalZoom filed a Motion for Relief from the Court's Order denying LegalZoom's Motion to Compel (Dkt. #13).  Google believes the Motion for Relief to be unfounded, and respectfully reserves the right to seek reimbursement of fees it incurs in opposing the Motion for Relief once that motion has been resolved

[2] Google refers the Court to Google's Opposition to the Motion to Compel (Dkt. #5) and the Declaration of Jacob T. Veltman in support thereof (Dkt. #5-1) for a more thorough recitation of the procedural background of this dispute.

lacked a valid basis for contesting the tentative, LegalZoom nevertheless required Google to prepare for and appear at the hearing on the matter.

On March 23, 2015, the Court issued its Order, adopting and expanding upon the reasoning in its tentative.  It held that LegalZoom had failed to show "that it took 'reasonable steps' to avoid imposing an undue burden on non-party Google."  Order Denying Motion to Compel at 4.  Citing Rule 45's provision mandating sanctions in such circumstances, the Court invited Google to submit a request for its fees.  *Id.*; *see also* Fed.R.Civ.P. 45(d)(1) (a Court "must enforce this duty and impose an appropriate sanction-which may include . . . reasonable attorney's fees" on a party that fails to take reasonable steps to avoid imposing undue burden on a nonparty); *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 11-mc-80300, 2012 U.S. Dist. LEXIS 110824, at *11 (N.D. Cal. Aug. 7, 2012) ("Rule 45 Sanctions are Mandatory for Failure to Take Reasonable Steps").

## II.   Google Requests Its Reasonable Attorneys' Fees

Google has taken a conservative approach in calculating the amount for which it seeks reimbursement here.  As explained in the accompanying Declaration of David H. Kramer, Google is not seeking reimbursement for fees incurred in preparing its objections to the subpoena, or even for the extended meet-and-confer process over LegalZoom's subpoena.  Rather, Google seeks only amounts incurred in opposing LegalZoom's motion to compel, and then appearing in Court to argue that motion.  *See, e.g., In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2012 U.S. Dist. LEXIS 110824, at *9-10 (awarding $67,384.64 under Rule 45 to nonparties forced to respond to motion to compel seeking to enforce "substantially overly broad" requests); *In re Morreale Hotels LLC*, 517 B.R. 184, 198 (Bankr. C.D. Cal. 2014) (awarding $25,000 in fees under Rule 45 where the subject subpoenas purported to require the movant "to canvas every entity in their large corporate structure to satisfy the unreasonably wide breadth of the [] subpoenas").  The specific amounts itemized in the Kramer Declaration have been invoiced to Google.  The rates charged to Google are at or below those reasonably charged in the market for counsel of similar experience.  The amounts are reasonable given the work

1  performed, and given the importance of the issues presented both for Google (which routinely
2  receives non-party subpoenas) and other non-parties.
3      Google also requests that it be awarded $5,000 to reimburse it for the fees incurred in
4  preparing this motion.  Google proposed a compromise on this matter to LegalZoom, offering to
5  forego this motion in exchange for prompt payment of the fees it had accrued to that point.
6  LegalZoom did not respond, necessitating the preparation of both this motion and the
7  accompanying declaration.  The fees Google incurred for that additional work are properly
8  reimbursed as well.  *See, e.g., In re NCAA Student-Athlete Name & Likeness Licensing Litig.*,
9  2012 U.S. Dist. LEXIS 110824, at *10 (awarding $6,100 for fees incurred in preparing motion
10 for fees under Rule 45); *Bryan v. UPS, Inc.*, No. 01-1730, 2007 U.S. Dist. LEXIS 76146, at *15
11 (N.D. Cal. Sept. 28, 2007) (adopting special master report that awarded "fees-for-fees").

## CONCLUSION

13     For these reasons, Google respectfully requests that the Court award it $24,253 in
14 accordance with its prior Order and Rule 45(d)(1).

Respectfully submitted,

Dated:  April 6, 2015

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:     *s/ David H. Kramer*
        David H. Kramer

*Attorneys for Nonparty Google Inc.*