DAVID H. KRAMER, State Bar No. 168452
JACOB T. VELTMAN, State Bar No. 247597
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com
Email: jveltman@wsgr.com

Attorneys for Nonparty
Google Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEGALZOOM.COM, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROCKET LAWYER INC., <br><br> Defendant. | CASE NO.: 5:15-mc-80003-NC <br><br> DECLARATION OF DAVID H. KRAMER IN SUPPORT OF NONPARTY GOOGLE INC.'S MOTION FOR ATTORNEYS' FEES <br><br> Before: Hon. Nathanael M. Cousins |

I, David H. Kramer, declare as follows:

1. I am a partner at Wilson Sonsini Goodrich & Rosati ("WSGR"), counsel for nonparty Google Inc. ("Google") in this case. I make this Declaration in support of Google's Motion for Attorneys' Fees. I have personal knowledge of the facts set forth in this Declaration. If called as a witness, I could and would testify competently to the matters set forth herein.

2. I am the partner responsible for my firm's representation of Google in this matter. Jacob Veltman (a senior associate) and Patrick McKinley (a senior paralegal) assisted me in preparing Google's Opposition to LegalZoom.com, Inc.'s ("LegalZoom") Motion to Compel and in preparing to argue the motion.

3. I have been practicing law for more than twenty years and have been a partner in WSGR's litigation department for more than fourteen years. I am a member of the firm's Board of Directors, and head of the Internet Strategy and Litigation practice. I graduated from the Georgetown University Law Center in 1993. I am a member in good standing of the California bar and am also admitted to this Court. My effective billing rate for this matter is $765 per hour.

4. Mr. Veltman graduated from the UCLA School of Law in 2006 and has been an associate in WSGR's litigation department since the fall of 2006. He is a member in good standing of the California bar and is also admitted to this Court. His effective billing rate for this matter is $550 per hour.

5. Mr. McKinley has nearly twenty years of experience as a paralegal and case assistant. He joined WSGR's litigation department in 1996. His effective billing rate for this matter is $260 per hour.

6. Below is a summary of the work performed by WSGR in contesting LegalZoom's Motion to Compel. I certify that Google was actually invoiced for the following hours and in the following amounts (or more). For the Court's ease of reference, billing entries have been consolidated and summarized.

| Timekeeper | Task | Hours | Cost |
|---|---|---|---|
| J. Veltman | Draft opposition brief and supporting declaration; conduct legal research regarding primary arguments. | 14.5 | $7,975 |
| D. Kramer | Review and revise opposition brief and supporting declaration. | 6.2 | $4,743 |
|  | Prepare for hearing, including review of briefs, cases, and prior decisions; appear at hearing. | 6.3 | $4,819 |
| P. McKinley | Gather exhibits submitted with opposition brief; cite check and proofread opposition brief. | 5.3 | $1,378 |
|  | Assist with hearing preparation; gather relevant materials for D. Kramer. | 1.3 | $338 |
| **Total** |  |  | $19,253 |

7. I do not yet know the precise amount of fees that Google has incurred in connection with the preparation of Google's Motion for Attorneys' Fees, but I certify that it will exceed $5,000.

8. I believe the fees incurred by Google in this matter are reasonable relative to the nature and complexity of the dispute. WSGR's billing rates were negotiated at arms-length with Google, and in my experience are equivalent to or lower than those of firms and attorneys with comparable experience. Furthermore, the above amounts do not include any of the fees incurred in connection with the preparation of Google's objections to LegalZoom's subpoena or in connection with subsequent meet-and-confer efforts. Although those fees are potentially recoverable under Rule 45, Google is seeking reimbursement only of fees incurred in connection with LegalZoom's Motion to Compel.

9. I proposed a compromise on the issue of attorneys' fees with LegalZoom's counsel prior to bringing this motion. I informed LegalZoom's counsel via telephone that Google intended to seek attorneys' fees and inquired as to whether LegalZoom was interested in a compromise. LegalZoom's counsel said that he would get back to me after conferring with his client. After several days elapsed with no response, I raised the issue again via email and noted that the amount of fees Google intended to seek was approximately $25,000. I offered to forego this motion in exchange for a prompt payment of the fees then-incurred. LegalZoom's counsel thanked me for

1  offering to compromise but said that he had not received a response from his client yet and would
2  be in trial for the next two days.  I did not receive any further response from LegalZoom's counsel
3  thereafter, necessitating the preparation of both a motion and this declaration.
4      I declare under penalty of perjury that the foregoing is true and correct.  Executed this 6th
5  day of April 2015 at Palo Alto, California.

7                               /s David H. Kramer
                                  David H. Kramer