UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEGALZOOM.COM, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROCKET LAWYER INC., <br><br> Defendant. | Case No. 15-MC-80003-NC (LHK) <br><br> **ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** <br><br> Re: Dkt. No. 13 |

    Plaintiff LegalZoom.com ("LegalZoom") seeks discovery from Google, which is not a party to this suit. Plaintiff served Google with a subpoena, and subsequently moved to compel Google's production of several categories of documents. ECF No. 1. Magistrate Judge Cousins denied Plaintiff's motion to compel, finding that Plaintiff had failed to take such "reasonable steps" as are required under Federal Rule of Civil Procedure 45 to obtain discovery from non-parties. ECF No. 10. Plaintiff now moves for relief from Judge Cousins' order denying Plaintiff's motion to compel. ECF No. 13.

    LegalZoom's subpoena seeks from Google, for a four-year period, "any and all documents" relating to Rocket Lawyer "free" advertisements, "any and all communications" between Google and Rocket Lawyer relating to Rocket Lawyer "free" advertisements, and "any

1

1  and all documents" relating to studies managed or performed by a Google entity, Google
2  Ventures, concerning Rocket Lawyer "free" advertisements. ECF No. 10 at 4. Judge Cousins
3  denied LegalZoom's motion to compel because LegalZoom had failed to explain why the
4  discovery LegalZoom sought from Google was unobtainable from a party to the suit: the
5  Defendant, Rocket Lawyer. *Id*. LegalZoom merely asserted that there were "significant gaps"
6  and "irregularities" in Rocket Lawyer's prior production of documents, and Judge Cousins found
7  that "[d]espite extensive conferring and briefing, LegalZoom has not specified the parameters of
8  the 'gaps' that Google needs to fill." *Id*. Moreover, Judge Cousins rejected LegalZoom's
9  contention that it "should be entitled to review documents in Google's possession as a cross-check
10 against any production previously made by Rocket Lawyer," finding that the Federal Rules of
11 Civil Procedure create no such entitlement. *Id*.

12 A magistrate judge's ruling on a non-dispositive pretrial matter will be modified or set
13 aside only if "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see* Fed. R. Civ. P.
14 72(a); *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991). In reviewing for clear
15 error, the district judge may not simply substitute his or her judgment for that of the magistrate
16 judge. *See Grimes*, 951 F.2d at 241. Rather, a magistrate judge's non-dispositive ruling is clearly
17 erroneous only when the district court is left with a "definite and firm conviction that a mistake
18 has been committed." *Burdick v. Comm'r Internal Rev. Serv.*, 979 F.2d 1369, 1370 (9th Cir.
19 1992); *see United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001) (noting that a
20 magistrate judge's decisions with regard to discovery disputes and other non-dispositive matters
21 are entitled to "great deference").

22 Having reviewed the parties' submissions before Judge Cousins in connection with
23 Plaintiff's motion to compel, ECF Nos. 1, 5, 6, the transcript of the February 25, 2015 hearing on
24 the motion to compel before Judge Cousins, ECF No. 12, Judge Cousins' order, ECF No. 10, and
25 the applicable law, the Court finds that there is no support for Plaintiff's position in either the
26 Federal Rules of Civil Procedure or case law. *See Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D.

United States District Court
Northern District of California

2

15-MC-80003-NC (LHK)
ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant."). Therefore, the Court concludes that LegalZoom has failed to demonstrate that Judge Cousins' order was clearly erroneous or contrary to law. Judge Cousins' ruling is entitled to deference, and LegalZoom's arguments fail to leave the Court with a "definite and firm conviction that a mistake has been committed." *Burdick*, 979 F.2d at 1370. Accordingly, LegalZoom's motion for relief from Judge Cousins' order is hereby DENIED.

**IT IS SO ORDERED**.

Dated: April 15, 2015

_____
LUCY H. KOH
United States District Judge