PATRICIA L. GLASER - State Bar No. 55668
pglaser@glaserweil.com
FRED D. HEATHER - State Bar No. 110650
fheather@glaserweil.com
AARON P. ALLAN - State Bar No. 144406
aallan@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

Attorneys for Plaintiff
LegalZoom.com, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALZOOM.COM, INC., | **CASE NO: 5:15-mc-80003-NC** |
| Plaintiff, | **LEGALZOOM.COM, INC.'S OPPOSITION TO NON-PARTY GOOGLE INC.'S MOTION FOR ATTORNEY FEES PURSUANT TO FRCP(45)(D)(1)** |
| v. | |
| ROCKET LAWYER INC., | |
| Defendants. | Before:  Hon. Nathanael M. Cousins |

## I. INTRODUCTION

LegalZoom.com, Inc. ("LegalZoom") opposes the request for attorneys' fees by Google Inc. ("Google") because the discovery motion practice in this case was caused by Google's failure to reasonably engage in a meet and confer process, which could have and would have resolved any allegedly unreasonable burdens imposed by LegalZoom's subpoena to Google.  Indeed, Google stonewalled throughout LegalZoom's efforts to meet and confer and compromise.  As the record showed, Google refused even to identify what burdens the subpoena would cause.  That refusal continued at the hearing on LegalZoom's motion to compel, despite the representation by plaintiff's counsel at the hearing that LegalZoom was prepared to modify its requests if only Google were willing to engage in meaningful dialog as to the nature of the burdens it perceived and the manner in which they could be eliminated.

Google's failure to meaningfully meet and confer has further delayed the proceedings in the trial court. (Attached as Exhibit A to the Declaration of Fred D. Heather ("Heather Decl.") is the Order of the trial Judge, John E. McDermott, continuing for 120 days the deadline for the completion of third party discovery).  Judge McDermott's order was issued to allow LegalZoom to issue new subpoenas to Google.   While LegalZoom will endeavor to narrow its requests to answer the issues of burden identified by the court, the time and costs involved could easily have been avoided had Google engaged in good faith in a meet and confer process.  In these circumstances, it is Google who should pay LegalZoom's attorneys" fees – not the other way around.  At a minimum, Google's request for fees should be severely minimized for Google's failure to engage in the meet and confer process.

## II. BACKGROUND

LegalZoom's subpoena to Google was based on the trial court's finding that such discovery was potentially highly relevant to LegalZoom's claims and defenses in its case against Rocket Lawyer. (Attached as Exhibit B to the Heather Decl. is the Order by Judge Feess – then the trial judge – vacating the summary judgment hearing as a result of LegalZoom's discovery of documents which subsequently led the trial court to authorize discovery against Google).

The relevance and importance of discovery from Google can be illustrated with but one of

many examples: Among the documents submitted to Judge Feess was an email between Google employee Katherine K. and principals of Rocket Lawyer dated December 2, 2011 stating that certain Rocket Lawyers ads were violative of Google's Offer Not Found Policy. (Attached hereto as Exhibit C to the Heather Decl. is the subject email between Google and Rocket Lawyer). Yet Rocket Lawyer failed to produce any other documents from Google related to Google's finding that Rocket Lawyers advertising violated Google's policies.   Nor were any documents produced which explained why Google continued to allow advertisements of the type Katherine K stated were not compliant with Google's policies.  Such documents are obviously highly relevant to LegalZoom's claims that Rocket Lawyer has engaged in false and misleading advertising and unfair competition. Consequently it is critical that LegalZoom be allowed to obtain Google's internal documents related to the issues raised by Katherine K to Rocket Lawyer as well as any communications to Rocket Lawyer, given the absence in Rocket Lawyers' files of any additional documents on the subject. No showing was ever made by Google that producing documents related to Google's internal analysis of Rocket Lawyer's advertising as reflecting in Katherine K's e-mail, or any decision as to whether to allow Rocket Lawyer to continue such advertising, or related communications with Rocket Lawyer would cause any burden on Google.

     LegalZoom made every effort to meet and confer in good faith. The meet and confer process spanned fifteen (15) days, including ten (10) separate emails and letters, and at least 3-4 telephone calls.  During that process, LegalZoom made multiple attempts at compromise including to (1) "alleviate any burden associated with locating and producing responsive documents;" (2) limit the time/scope of subpoenas to January 1, 2010 through December 31, 2013; (3) "extend out the. . . .production date;" (4) provide additional information requested by Google "to assist [its] search;" and (5)  consider "other proposals" that are less burdensome. *See* Declaration of Aaron Allan to LegalZoom's Motion.

     Ultimately, in rejecting all of LegalZoom's efforts at compromise, Google continually claimed it would be unfairly burdensome to make it search for and produce any documents.  But when Google's counsel was asked to discuss the issue of burden during a telephone conference on December 18, 2014, he refused to engage on that subject, protesting "this is not a deposition."

1  Instead, he provided LegalZoom with an ultimatum, requiring LegalZoom to withdraw a deposition
2  subpoena served on that counsel's separate client Michael Margolis, who had authored a usability
3  study commissioned by Rocket Lawyer.  When LegalZoom refused to accept that ultimatum,
4  negotiations broke down and LegalZoom was forced to pursue its motion to compel.

The purpose of the meet and confer requirement is not to allow a third-party like Google to review a subpoena it believes too broadly drafted and in response stonewall all efforts to narrow the scope of the subpoena to eliminate any unreasonable burden the subpoena may impose.

### III. LEGALZOOM'S REASONABLE STEPS TO ALLEVIATE GOOGLE'S BURDEN COMPLIED WITH RULE 45(d)(1)

This Court ruled that a party responsible for issuing a subpoena must take "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).  LegalZoom clearly complied with this requirement. As stated above, LegalZoom took reasonable steps to avoid any burden to Google through the following meet and confer efforts among others.  Each of the meet and confer efforts were submitted with the Declaration of Aaron Allan in support of LegalZoom.com, Inc.'s Motion To Compel Compliance With Subpoena dated January 5, 2015.  The meet and confer efforts are listed as follows:

- Ex. D to the Allan Declaration is an email between Aaron Allan and Google's counsel, Jacob Veltman, dated December 3, 2014, which states "We are willing to work with you and Google to address any burden issues in meeting that deadline (December 17, 2015), and in particular you have asked that we attempt to provide (a) the RL email address associated with this account; and (b) the customer ID number, bank reference number or URL transfer number/address associated with the awards account.  Further, "Based on the answers that I gave concerning the case and the relevance of this material, you agreed to pursue further discussions with your clients about resolving the objections and proceeding to provide the discovery."

- Exhibit E to the Allan Declaration is a letter from Aaron Allan to Google's counsel dated December 9, 2014 which states,  "...but I offered to "work with" Google to help alleviate any burden associated with locating and producing responsive documents. For example, we

- Exhibit G to the Allan Declaration is an email sent on December 11, 2014 @ 9:49 a.m., which states, "The urgency is not false, and the deadlines are not artificial, and the records will reflect that we have made every reasonable attempt to meet and confer to address Google's timing and burden concerns."

- Exhibit H to the Allan Declaration is a letter from Aaron Allan to Google's counsel dated December 11, 2014, which states, "We further offered to "work with" Google to help alleviate any burden associated with locating and producing responsive documents...I have indicated we are open to considering other proposals, and yet you have failed to make such a proposal or otherwise identify the nature of the burden that Google is facing."

- Exhibit I to the Allan Declaration is an email sent by Aaron Allan to Google's counsel dated December 18, 2014, which states, "When I asked about the burden associated with producing such materials, you refused to provide me with any (or to even engage) on that subject. Instead you stated that the issue of burden would be addressed by you only in opposing a motion to compel, and that this was 'not a deposition.' When I attempted to meet and confer on that subject, you refused to engage."

- Exhibit 7 to the Veltman Declaration is a letter from Google's counsel to Aaron Allan dated December 18, 2014, which states, "Nor have you offered to pay for any of the discovery costs you seek to impose." This was part of a letter from December 18, 2014. LegalZoom did in fact offer to alleviate the burden multiple times as indicated above but was never given any amount from Google.

There is nothing in the meet and confer communications from Google that identified the nature of the burden or costs associated with collecting and producing these categories of documents. There is nothing in those communications which suggests how the scope of the requests could be narrowed to address Google's concerns about burden.

///

## IV. CONCLUSION

For the reasons stated herein, LegalZoom requests this Court deny Google's Motion for Attorneys' Feess in its entirety because LegalZoom brought its Motion in good faith, and sought to meet and confer for weeks prior to having to file its Motion. At a minimum, any sanctions against LegalZoom should be limited to account for the absence of a good faith effort by Google to meet and confer and avoid the costs and attendant delay in the trial court proceedings that Google's conduct has caused.   .

DATED:  April 20, 2015	GLASER WEIL FINK HOWARD
	   AVCHEN & SHAPIRO LLP

	By: /s/ FRED D. HEATHER_____
	      FRED D. HEATHER
	      Attorneys for Plaintiff
	      LegalZoom.com, Inc.