DAVID H. KRAMER, State Bar No. 168452
JACOB T. VELTMAN, State Bar No. 247597
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com
Email: jveltman@wsgr.com

Attorneys for Nonparty
Google Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEGALZOOM.COM, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROCKET LAWYER INC., <br><br> Defendant. | CASE NO.: 5:15-mc-80003-NC <br><br> NONPARTY GOOGLE INC.'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES <br><br> Before: Hon. Nathanael M. Cousins |

LegalZoom's opposition to Google's request for the legal fees necessitated by LegalZoom's violation of Fed R. Civ. Proc. 45 is an improper rehash of issues it already argued and lost in the underlying motion to compel.  LegalZoom does not address the only remaining issue: the reasonableness of the fees Google requested or the law that supports their award.

This Court already held, in denying LegalZoom's Motion to Compel against Google, that "LegalZoom has not met its burden of establishing that it took 'reasonable steps' to avoid imposing an undue burden on non-party Google." Dkt. #10 at 4.  The Court found that: (1) LegalZoom sought broad categories of documents presumptively in the possession of Rocket Lawyer without explaining why those documents could not be obtained from Rocket Lawyer; and (2) there was no basis for LegalZoom's demand "to review documents in Google's possession as a cross-check against any production previously made by Rocket Lawyer." *Id.*  LegalZoom appealed those findings to Judge Koh, who summarily rejected LegalZoom's position holding "there is *no support* for Plaintiff's position in either the Federal Rules of Civil Procedure or case law." Dkt. #15 at 2 (emphasis added).

In the face of these Orders by two different Judges, LegalZoom still asserts in its opposition that it "clearly complied with [Rule 45]."  That is inscrutable.  Doubly so is its assertion that "it is Google who should pay LegalZoom's attorneys' fees – not the other way around." Opp. at 1, 3.[1]

These are not open issues.  This Court and Judge Koh have already determined that LegalZoom failed to comply with Rule 45.  This Court invited Google to file a request for its attorneys' fees in light of that failure.  The only matter before the Court now is whether Google's

---

[1] LegalZoom's recounting of the meet-and-confer process leading to its motion to compel is both extraneous and false.  As explained in Google's opposition to the motion to compel and in its motion for attorneys' fees, LegalZoom failed throughout the process to act in good faith.  Among other things, LegalZoom: (1) served a facially overbroad subpoena demanding compliance within seven business days; (2) refused to explain, again and again, why the documents it sought could not be obtained through party discovery; (3) failed to address Google's objections in the meet-and-confer process; (5) ignored Google's offer of compromise (which LegalZoom falsely brands an "ultimatum") for three weeks; (6) then summarily rejected Google's offer, without explanation or counterproposal before filing its motion; and (7) contested the Court's tentative ruling despite lacking a valid basis for doing so.  *See* Google's Opening Br. at 1.

requested fees in light of LegalZoom's violation are reasonable.  On that point, LegalZoom's opposition says nothing at all.  Google's request should therefore be deemed uncontested.  *See, e.g.*, *Marino v. Countrywide Fin. Corp.*, 26 F. Supp. 3d 955, 963 n.5 (C.D. Cal. 2014) ("Marino's Opposition does not address Defendant's argument.  The Court deems this an admission[.]").  In any event, the requested fees are reasonable for reasons Google set out in its opening brief.

Accordingly, Google respectfully requests that the Court award it $24,253 in accordance with the Court's prior Order and Rule 45(d)(1).

Respectfully submitted,

Dated:  April 27, 2015

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:   */s/ David H. Kramer*
            David H. Kramer

*Attorneys for Nonparty Google Inc.*