UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALZOOM.COM, INC.<br><br>  Plaintiff,<br><br>   v.<br><br>ROCKET LAWYER INC.,<br><br>  Defendant. | Case No. 15-mc-80003 NC<br><br>CDCA Case No. 12-cv-00942 GAF<br><br>**ORDER GRANTING IN PART GOOGLE'S MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 14 |

   This Court previously denied plaintiff LegalZoom's motion to compel the production of documents subpoenaed from non-party Google. Under Federal Rule of Civil Procedure 45, when a party demands documents from a non-party, it must take "reasonable steps" to avoid imposing an undue burden or expense. In denying LegalZoom's motion, this Court found that LegalZoom did not take reasonable steps to confine its requests to Google. Dkt. No. 10. That decision was affirmed by District Court Judge Lucy H. Koh over LegalZoom's objection. Dkt. No. 15.

   Google now moves against LegalZoom under Rule 45(d)(1) for an award of its attorneys' fees. That rule provides that where a party or attorney fails to comply with the duties of Rule 45, the Court "must enforce this duty and impose an appropriate sanction," which may include reasonable attorneys' fees. Fed. R. Civ. P. 45(d)(1). Here, Google requests reimbursement of $19,253.00 in connection with the motion to compel, and $5,000

1  in connection with the motion for attorneys' fees, for a total of $24,253.00. A summary of
2  the time spent and billed, and the billing rates of the two attorneys (David H. Kramer,
3  $765/hr.; Jacob Veltman, $550/hr.) and paralegal (Patrick McKinley, $260/hr.) is set forth
4  in the declaration attached to the motion. Dkt. No. 14-1.

5      LegalZoom does not object to the rates or time spent by Google's counsel in opposing
6  the motion to compel. Rather, LegalZoom repeats its arguments that Google, not
7  LegalZoom, was unreasonable, and that Google is the one that should pay a sanction. As
8  the Court has already assessed the comparative reasonableness of the parties, it need not
9  repeat itself. The bottom line is that Rule 45 puts the affirmative burden on the party and
10 counsel seeking discovery from a non-party to take "reasonable steps." Here, LegalZoom
11 did not satisfy this duty. Accordingly, the Court finds that a sanction of $19,253.00 jointly
12 and severally against LegalZoom and its counsel is appropriate. That amount must be
13 reimbursed to Google within 14 days.

14     On the other hand, Google has not satisfied Local Rule 37-4 in connection with its
15 request for a $5,000 reimbursement of its time spent on the motion for attorneys' fees. That
16 rule requires a fee request to be itemized with particularity. Here, Google's counsel
17 estimated that its fees would exceed $5,000. Dkt. No. 14-1 ¶ 7. In light of the five pages of
18 briefing and no hearing that took place, that estimate strikes the Court as both high and
19 insufficiently itemized. As a consequence, the Court will not award a fee to Google for the
20 time its counsel spent on the motion for fees.

21     In sum, the Court grants in part Google's motion and sanctions LegalZoom and its
22 counsel $19,253.00 for violating Rule 45.

23 ///

1  Any party may object to this order, but must do so within 14 days. Fed. R. Civ. P.
2  72(a). Any objection must be directed to District Court Judge Lucy H. Koh, as she was the
3  general duty judge in this Division on the day the motion to compel was filed.
4  IT IS SO ORDERED.
5  Date: May 29, 2015

_____
Nathanael M. Cousins
United States Magistrate Judge